UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECURIAN LIFE INSURANCE
COMPANY,

        Plaintiff,

v.                                Case No. 6:25-cv-686-JA-DCI

GERMAN BONNET and
MICHAEL ROBBS,

        Defendants.

## ORDER

This interpleader action is before the Court on the Unopposed Motion for Leave to Deposit Funds and for Discharge and Dismissal of Plaintiff (Doc. 24) filed by Securian Life Insurance Company. As set forth below, the motion is granted in part and denied in part.

I.    Background

This case presents a dispute over who is the rightful beneficiary under a life insurance policy issued pursuant to an employer-sponsored employee-benefit plan governed by the Employee Retirement Income Security Act (ERISA). After the death of the insured, Securian received two competing claims for the policy benefits—one from Defendant German Bonnet and the other from Defendant Michael Robbs. Securian then filed its Interpleader

Complaint in this Court, (*see* Doc. 1), and now moves to deposit the funds at issue into the Registry of the Court, to be discharged from liability and dismissed from the case, and for an injunction, (*see* Doc. 24).

## II. Discussion

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous. Ass'n)*, 21 F.3d 380, 383 (11th Cir. 1994). "A successful interpleader suit results in the entry of a discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied." *Id.*

"An interpleader action typically proceeds in two stages. First, the court determines whether interpleader is proper and 'whether to discharge the stakeholder from further liability to the claimants.' Second, the court evaluates 'the respective rights of the claimants to the interpleaded funds.'" *Klayman v. Jud. Watch, Inc.*, 650 F. App'x 741, 743 (11th Cir. 2016) (citations omitted) (quoting *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009)). This case is currently at the first stage.

Securian seeks interpleader under Federal Rule of Civil Procedure 22.

(*See* Doc. 1 at 1; Doc. 24 at 1). That rule provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). Here, Defendants do not dispute that Securian is a disinterested stakeholder with no interest in the proceeds of the insurance policy. Thus, the Court finds that interpleader is proper and will accept the policy benefits into the Court's registry, discharge Securian from liability, and dismiss Securian from the case.

Securian also requests an injunction "pursuant to 28 U.S.C. [§] 2361" prohibiting Defendants and those in privity with them "from making demand or instituting and prosecuting any other proceeding against [Securian] in any court, federal or state, for recovery of all or part of the proceeds" of the life insurance policy at issue. (Doc. 24 at 10). But 28 U.S.C. § 2361 is limited by its terms to "statutory interpleader" cases brought pursuant to 28 U.S.C. § 1335. *See* 28 U.S.C. § 2361 ("In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may . . . enter its order restraining [all claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court."). This case is not an action under § 1335, which provides for original jurisdiction of district courts in interpleader actions involving "[t]wo or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section

3

1332 of" title 28. 28 U.S.C. § 1335(a). Both claimants are citizens of Florida and thus they are not diverse. The Court's subject-matter jurisdiction here is not based on § 1335 but on 28 U.S.C. § 1331 (federal question) because the insurance policy was issued pursuant to an ERISA plan.[1] *See, e.g.*, *Principal Life Ins. Co. v. Smith*, 385 F. App'x 878, 879 n.1 (11th Cir. 2010) ("The district court had jurisdiction under 28 U.S.C. § 1331, in that the case relates to an ERISA plan. Thus the case arises under the laws of the United States and raises a federal question. The record does not support statutory interpleader jurisdiction under 28 U.S.C. § 1335."). Section 2361 does not provide authority for this Court to issue the injunction that Securian seeks. *See generally N.Y. Life Grp. Ins. Co. of N.Y. v. Maxwell*, 645 F. Supp. 3d 26, 35–36 (N.D.N.Y. 2022) (denying request for injunctive relief in similar case). Securian provides no basis other than § 2361 for its request, and therefore the motion for injunctive relief will be denied without prejudice.

### III. Conclusion

Accordingly, it is **ORDERED** that Securian's motion (Doc. 24) is **GRANTED in part and DENIED in part**, as follows:

1. Securian's request for interpleader is granted. **No later than July 31, 2025**, Securian shall deposit the benefits for Group Universal Life Policy

---

[1] Securian mentions 28 U.S.C. § 1335 in the Interpleader Complaint, (*see* Doc. 1 at 3), and in its motion, (*see* Doc. 24 at 6). But as explained in the text of this Order, that section does not apply here because the claimants are not of diverse citizenship.

0075003 relative to the death of Linda Christine Bonnet into the Registry of the Court. Upon deposit of the benefits into the Registry, Securian is discharged from liability as to the policy benefits and is **dismissed with prejudice** as a party to this case.

2. Securian's request for injunctive relief is **denied without prejudice**.

3. The caption of this case shall be re-styled as "In re Benefits of Group Universal Life Policy 0075003," and Defendants shall be referred to as "Claimants."

**DONE** and **ORDERED** in Orlando, Florida, on July 24, 2025.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record